IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARA MCCLURE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JEFFERSON COUNTY )<br>COMMISSION, )<br>)<br>Defendant, ) | Case No.<br>2:23-cv-00443-MMH |
| ALEXIA ADDOH-KONDI, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JEFFERSON COUNTY )<br>COMMISSION, )<br>)<br>Defendant. ) | Case No.<br>2:23-cv-00503-MMH |

**<u>Memorandum Opinion and Order</u>**

In April 2023, the plaintiffs in these cases filed suit against the Jefferson County Commission. The plaintiffs allege that the Commission's 2021 redistricting plan violates the Fourteenth Amendment because the Commission impermissibly used race as the predominant factor in creating the county's five voting districts. (23-cv-503, Doc. 1; 23-cv-443, Doc. 1). After hearing four days of trial testimony

1

and reviewing almost 150 exhibits, the Court issued findings of fact and conclusions of law on September 16, 2025. (23-cv-443, Doc. 191). Based on the evidence presented, the Court concluded that the Commission's 2021 redistricting plan violates the Fourteenth Amendment's protection against racial gerrymandering, and the Court permanently enjoined the Commission from using the 2021 plan in Jefferson County Commission elections. (23-cv-443, Doc. 191, p. 139). The Commission has appealed the decision and has sought a stay of the injunction pending the outcome on appeal. (23-cv-443, Doc. 193; 23-cv-443, Doc. 194). This opinion addresses the motion for a stay.

The issuance of a stay pending appeal is an "extraordinary remedy." *See Garcia-Mir v. Meese*, 781 F.2d 1450, 1455 (11th Cir. 1986); *Singleton v. Allen*, 691 F.Supp.3d 1343, 1348 (N.D. Ala. 2023) ("A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant.") (quoting *Nken v. Holder*, 556 U.S. 418, 427 (2009)).

A district court examines four factors to determine whether to exercise its discretion to stay an injunction pending appeal. The district court considers: "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in

the proceeding; and (4) where the public interest lies." *Nken*, 556 U.S. at 425-26 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). The first two factors are the "most critical." *Nken*, 556 U.S. at 434.

With respect to the first factor, the Commission must overcome the "significant deference" that appellate courts owe a district court's factual findings and conclusions on credibility based on extensive live trial testimony. *Cooper v. Harris*, 581 U.S. 285, 293, 298-99 (2017); *see also* Fed. R. Civ. P. 52(a)(6) ("Findings of fact . . . must not be set aside unless clearly erroneous"). To succeed in a racial gerrymandering case, a plaintiff must prove that "race was the predominant factor motivating the legislature's decision to place a significant number of voters within or without a particular district." *Cooper*, 581 U.S. at 291 (quoting *Miller v. Johnson*, 515 U.S. 900, 916 (1995)). This "entails demonstrating that the legislature 'subordinated' other factors—compactness, respect for political subdivisions, partisan advantage, what have you—to 'racial considerations.'" *Cooper*, 581 U.S. at 291 (quoting *Miller*, 515 U.S. at 916). The "good faith of a state legislature must be presumed." *Miller*, 515 U.S. at 915.

This Court began its analysis of the plaintiffs' gerrymandering claim with this presumption of legislative good faith. (23-cv-443, Doc. 191, p. 93). The Court concluded that the circumstantial and expert evidence overcame the presumption. (*See* 23-cv-443, Doc. 191, p. 138). The Commission has not objected to the more

3

than 200 specific factual findings in this Court's decision. (23-cv-443, Doc. 191, pp. 2-86). In its motion to stay, the Commission presents the same arguments the Court thoroughly examined and found unpersuasive in its extensive legal analysis, analysis that rests on settled Supreme Court and Eleventh Circuit precedent. (23-cv-443, Doc. 191, pp. 86-138). Therefore, the Commission has not presented an argument in favor of its motion to stay that strongly demonstrates that it is likely to succeed on the merits of its appeal of the Court's findings of fact and conclusions of law based on the trial in this matter.

Turning to the remaining three factors, the Commission has not demonstrated that it will be irreparably harmed without a stay. The Commission contends that its "'inability' to conduct elections under a 'duly enacted' redistricting plan 'clearly inflicts irreparable harm' on the Commission and the public it represents," (23-cv-443, Doc. 194, p. 11) (citing *Abbott v. Perez*, 585 U.S. 579, 602 (2018), but a municipality cannot be irreparably harmed by an injunction barring it from conducting elections "pursuant to a [redistricting] statute" if "the statute is unconstitutional." *Abbott*, 585 U.S. at 602; *see Jack. Branch of NAACP v. City of Jacksonville*, No. 22-13544, 2022 WL 16754389 at *4 (11th Cir. Nov. 7, 2022) ("Given that the district court found the Enacted Plan is substantially likely to be unconstitutional, we do not see how Appellants would be irreparably harmed by using a different map."). "[C]ompliance with federal law is [not] an onerous

burden[.]" *Singleton*, 691 F. Supp. 3d at 1356.

On the other hand, the plaintiffs will experience a substantial injury if the Commission conducts the 2026 election under an unconstitutional districting plan. Racial gerrymandering is a practice that constitutes an "immense" and "irreparable" harm to the voters who are sorted based on their race. *Jacksonville*, 2022 WL 16754389, at *5. "'Once [an] election occurs, there can be no do-over and no redress' for voters whose rights were violated." *Singleton*, 691 F. Supp. 3d at 1355 (quoting *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014)). For this reason, discriminatory voting rules cause irreparable injury and "are the kind of serious violation . . . for which courts" can and should "grant[] immediate relief." *League of Women Voters of N.C.*, 769 F.3d at 247 (collecting cases); *see Shaw v. Reno*, 509 U.S. 630, 643, 657 (1993).

A stay of remedial proceedings in this case will not serve the public interest. *See Nken*, 556 U.S. at 426. "[T]he public, when the state is a party asserting harm, has no interest in enforcing an unconstitutional law." *Scott v. Roberts*, 612 F.3d 1279, 1297 (11th Cir. 2010). Instead, "the public interest is served when constitutional rights are protected." *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1327 (11th Cir. 2019). Courts have a "duty to cure" unconstitutional districts through an "orderly process in advance of elections." *Singleton*, 691 F. Supp. 3d at 1356 (citation omitted). And more than a year before the next elections, the public interest

5

lies in correcting a districting plan that is unconstitutional.

The Court's decision to deny the stay is not at odds with the principle articulated in *Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam). "The *Purcell* principle stands for the proposition that 'lower federal courts should ordinarily not alter the election rules on the eve of an election.'" *Jack. Branch of NAACP*, 2022 WL 16754389, at *2 (quoting *Republican Nat'l Comm. v. Democratic Nat'l Comm.*, 589 U.S. 423, 424 (2020) (per curiam)); *Purcell*, 549 U.S. at 4-5.[1]

The Eleventh Circuit has declined to extend the *Purcell* principle to circumstances when an injunction was issued "five months prior to the elections for a single county." *See Jack. Branch of NAACP*, 2022 WL 16754389, at *2. The Commission has not cited a case invoking the *Purcell* principle this far ahead of scheduled elections. *See Merrill v. Milligan*, 142 S.Ct. 879 (2022) (Mem) ("the primary elections begin (via absentee voting) just seven weeks from now"); *Democratic National Comm. v. Wis. State Leg.*, 141 S.Ct. 28 (Mem) (2020) ("just six weeks before the November election and after absentee voting had already begun"); *Republican National Comm.*, 589 U.S. at 424 (2020) (five days before

---

[1] The Supreme Court has indicated that it is inappropriate for a party to rely on the *Purcell* principle when the party previously represented that "the schedule on which the district court proceeded was sufficient to enable effectual relief" in an upcoming election. *See Rose v. Raffensperger*, 143 S.Ct. 58 (2022). The Commission's early "most conservative estimate" of the time needed "to redraw the districts, notify voters and candidates, and allow candidates sufficient time to qualify before the deadline," (23-cv-443, Doc. 31, p. 15, ¶ 50), does not align with the Commission's recent statements, (23-cv-443, Doc. 194-1).

election); *Grace, Inc. v. City of Miami*, 2023 WL 5286232 *1-*2 (11th Cir., Aug. 4, 2023), motion to vacate stay denied, 144 S.Ct. 45 (2023) ("little more than three months before City of Miami voters go to the polls"). The September 16, 2025 injunction precedes the 2026 Jefferson County Commission election by more than one year. Accordingly, the *Purcell* principle does not override this Court's consideration of the four traditional injunction factors.

For these reasons, the *Nken* factors weigh in favor of the plaintiffs. Therefore, the Court denies the Commission's request for a stay.

**DONE** and **ORDERED** this September 25, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE